[Cite as *Garg v. Jenkins*, 2026-Ohio-2936.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

ANUP GARG, ET AL.,  :

    Plaintiffs-Appellants,  :

                                            No. 115761

    v.  :

MARK JENKINS, ET AL.,  :

    Defendants-Appellees.  :

JOURNAL ENTRY AND OPINION

**JUDGMENT:** DISMISSED
**RELEASED AND JOURNALIZED:** July 30, 2026

Civil Appeal from the Cuyahoga County Common Pleas Court
Case No. CV-22-969524

*Appearances:*

The Lindner Law Firm LLC and Daniel F. Lindner, *for appellants.*

Tayeh Law Offices, LLC, and Ziad Tayeh, *for appellee.*

MICHELLE J. SHEEHAN, A.J.:

{¶ 1} Plaintiff-appellant Anup Garg appeals from a judgment appointing a receiver in the case he filed against defendant-appellee Mark Jenkins and 12 limited liability companies.

{¶ 2} Garg raises three assignments of error for our review:

1. The trial court erred as a matter of law when it rewrote Jenkins' counteroffer in twelve (12) locations, ordered that the resulting court-written Frankenstein document was an enforceable contract, and determined that Jenkins prevailed despite all of his counteroffer terms being extracted. The trial court order (TR. 227) should be reversed and the case should be remanded for a trial on the merits.

2. The trial court erred as a matter of law when it issued the preliminary injunction excluding Garg from real properties that Garg fifty percent owns. The trial court's order is also erroneous on its face as it presumes that the enforcement decision would survive appellate legal scrutiny. The trial court's injunctive order (TR. 227) should be reversed.

3. The trial court erred awarding attorney's fees in this case, as there was no breach of any binding settlement agreement that would have caused the fees to be incurred. The Eighth District only allows an award of attorney fees stemming from a motion to enforce a settlement agreement if a party has breached the underlying settlement agreement.

**{¶ 3}** After review, we conclude that the only final appealable order that is properly before us is the trial court's judgment appointing a receiver. We therefore do not have jurisdiction to address Garg's three assignments of error, in which he raises arguments related only to orders that the trial court issued many months before it appointed a receiver. Because Garg does not raise any arguments with respect to the trial court's decision to appoint a receiver, we dismiss his appeal.

## I. Procedural History and Factual Background

**{¶ 4}** Garg originally filed a complaint in October 2022. He filed his third-amended complaint in December 2023 against Jenkins and 12 limited liability companies.[1] In his third-amended complaint, Garg alleged that Jenkins committed

---

[1] Tarsem Garg was also a plaintiff "for the purposes of maintaining an action to collect monies owed from [d]efendant Haystack Hills LLC." Garg included Stephanie Jenkins (Mark's wife at the time of the original complaint and his former wife at the time of the

tortious interference, fraud and fraudulent convenance, conversion, and breach of contract regarding properties that the two jointly owned. Garg also requested declaratory judgments from the court regarding, among other things, ownership of the limited liability companies, judicial dissolution of the companies, and damages.

{¶ 5} In Silver Hill Capital's answer to Garg's third-amended complaint, it stated that it possessed the first and best mortgage on the 1370 W. 93rd Street property. It raised several defenses and cross-claims relating to this property, which Jenkins had personally guaranteed. Silver Hill Capital asserted that it was entitled to judgment on the note in the amount of $308,981.10 plus interest and fees. It raised claims of breach of contract on the note and guaranty and foreclosure on the mortgage.

{¶ 6} In November 2023, Jenkins moved for a preliminary injunction. The trial court set the matter for hearing on January 22, 2024. After that hearing, the parties met, agreed to divide the assets between them, and settle the case. After that meeting, several emails were sent between the parties' attorneys confirming the terms of the settlement agreement. On January 25, 2024, the parties filed a joint

third-amended complaint) as a defendant in the original complaint and Terese Jenkins (Mark's mother) as a defendant in the third-amended complaint. The 12 limited liability companies in the third-amended complaint are Jenkins Property Group, LLC; 1370 W. 93rd LLC; 3644 Bosworth LLC; Bosworth 1 LLC; 3174 W. 94th LLC; Stronghold Group LLC; Haystack Hills LLC; 10810 Parkhurst LLC; S2 Holdings LLC; 3547 W. 50th LLC; Community Loan Servicing, LLC; and Steph Invests, LLC. Community Loan Servicing was later substituted by Silver Hill Capital, LLC. For ease of discussion, we will refer to Community Loan Servicing n.k.a. Silver Hill Capital as "Silver Hill Capital."

motion to extend the deadline to effectuate the agreement, which the trial court granted.

{¶ 7} On February 22, 2024, Jenkins moved to enforce the settlement agreement and for attorney fees. A few days later, Jenkins also moved for a temporary restraining order and preliminary injunction to prevent Garg from interfering with a property located at 12323 Plover Street, Lakewood, arguing that he received the property in the settlement agreement. The trial court granted Jenkins's motion for a temporary restraining order the following day and scheduled a hearing on the preliminary injunction for March 26, 2024. The trial court also set the hearing for the motion to enforce settlement on the same date. The joint hearing took place before a magistrate on that date.

{¶ 8} On April 26, 2024, the magistrate issued a decision in the matter, recommending that the trial court grant both of Jenkins's motions. Garg filed objections to the magistrate's decision, which Jenkins opposed. The trial court adopted the magistrate's decisions on June 6, 2024.

{¶ 9} According to the settlement agreement, defendant 1370 West 93rd Street LLC owned property located at 1370 W. 93rd Street, Cleveland. Garg and Jenkins each owned a 50 percent share in the company, defendant Silver Hill Capital was the mortgagee, and Jenkins was the guarantor of the mortgage on the property. The settlement agreement stated that Jenkins would transfer his 50 percent share to Garg within 30 days of the trial court's adoption of the magistrate's decision memorializing the settlement agreement and Garg would "refinance or repay the

entirety of the mortgage" on the property and remove Jenkins as guarantor on the note and mortgage within that same time frame.

{¶ 10} In August 2024, Jenkins filed a motion to show cause with the trial court. Jenkins requested the court to require Garg to appear and show cause as to why he should not be held in civil contempt for not refinancing or paying the mortgage on the 1370 W. 93rd Street property within 30 days of the trial court's judgment adopting the magistrate's decision memorializing the settlement agreement, which Jenkins alleged was in direct violation of the settlement agreement and the trial court's judgment adopting it.

{¶ 11} The magistrate held a hearing on Jenkins's request for attorney fees relating to enforcement of the settlement agreement on September 27, 2024. After the hearing, the magistrate issued a decision recommending that Jenkins receive $20,852.15 in attorney fees. Garg objected to the magistrate's decision, which Jenkins opposed.

{¶ 12} In December 2024, Silver Hill Capital moved the court to reinstate the case to the active docket. Silver Hill Capital stated that the mortgage on the 1370 W. 93rd Street property remained subject to its counterclaims for judgment on the note, foreclosure, and Jenkins's personal guarantee of the mortgage. As of the date of Silver Hill Capital's motion to reinstate the case, the mortgage had not been refinanced or paid in full. The trial court granted Silver Hill Capital's motion to reinstate the case to the active docket in part; that is, it reinstated it only with respect to Silver Hill Capital's claims.

{¶ 13} The trial court adopted the magistrate's decision regarding attorney fees on January 7, 2025.

{¶ 14} In August 2025, the magistrate held a hearing on Silver Hill Capital's combined motion for default judgment and summary judgment regarding its cross-claims against Garg, Jenkins, and 1370 W. 93rd Street LLC. The magistrate issued its decision on September 5, 2025, noting that Silver Hill Capital's motion for default judgment was unopposed. It recommended granting default judgment to Silver Hill Capital in the amount of $341,666.27 plus interest and fees from the date of December 1, 2024. The magistrate further ordered that the property be foreclosed and sold.[2]

{¶ 15} In September 2025, the trial court granted Silver Hill Capital's unopposed motion to appoint a receiver over the 1370 W. 93rd Street property. It is from the trial court's judgment granting a receiver on September 8, 2025, that Garg now appeals.[3]

## II. Law and Analysis

{¶ 16} As a threshold matter, we must first determine if we have jurisdiction over this appeal. "In the absence of a final, appealable order, the appellate court does not possess jurisdiction to review the matter and must dismiss the case sua

---

[2] The trial court did not adopt the magistrate's September 5, 2025 decision.

[3] According to the Cuyahoga County Common Pleas Court docket, the receiver filed a motion to amend the receivership order and to conduct receivership sale of the property in October 2025. In January 2026, the receiver filed a second motion reiterating its request to amend the receivership order to conduct the sale of the property. The trial court granted the motion on June 16, 2026.

sponte." *Deutsche Bank Natl. Co. v. Caldwell*, 2011-Ohio-4508, ¶ 6 (8th Dist.), citing *St. Rocco's Parish Fed. Credit Union v. Am. Online*, 2003-Ohio-420, ¶ 9 (8th Dist.).

{¶ 17} There is no question that Garg appealed from a final appealable order — the order appointing a receiver. This court has long held that under R.C. 2505.02(B)(2), "proceedings in relation to the appointment and removal of receivers are special proceedings under R.C. 2505.02 and that orders for appointment and removal affect a substantial right made in a special proceeding. Such orders are, therefore, final and appealable." *Prudential Ins. Co. of Am. v. Corporate Circle*, 103 Ohio App.3d 93, 101 (8th Dist. 1995). Furthermore, under R.C. 2505.02(B)(4), an order granting a motion to appoint a receiver is final and appealable because it grants relief in a proceeding for a provisional remedy. *Community First Bank & Trust v. Dafoe*, 2006-Ohio-1503, ¶ 26.

{¶ 18} In this appeal, however, Garg does not raise any arguments relating to the trial court's order appointing a receiver. Rather, he challenges only the trial court's judgment issued on June 6, 2024, enforcing the settlement agreement and granting Jenkins's request for a preliminary injunction, and the trial court's judgment issued on January 7, 2025, granting Jenkins's request for attorney fees relating to the enforcement of the settlement agreement.

{¶ 19} While the trial court's order appointing a receiver is final and appealable, only that issue is final and appealable absent some other basis for concluding that the other decisions are final under R.C. 2505.02. *See Essman v.*

*Portsmouth*, 2009-Ohio-3367 (4th Dist.) (considering the issue of immunity under R.C. Ch. 2744 and concluding that the denial of summary judgment based on statute of limitations was not a final appealable order in the appeal); *Novak v. Studebaker*, 2009-Ohio-5337 (9th Dist.) (concluding an order partially granting a motion to compel discovery was final and appealable under the provisional remedy provisions of R.C. 2505.02, but the other appealed order that denied a stay pending resolution of felony charges was not final and appealable).

{¶ 20} A trial court order is a final appealable order if it meets the requirements of R.C. 2505.02 and, if applicable, Civ.R. 54(B). *Eng. Excellence Inc. v. Northland Assocs., LLC*, 2010-Ohio-6535, ¶ 10 (10th Dist.). In this case, however, we do not need to determine if the June 6, 2024 and January 7, 2025 orders are final because assuming for the sake of argument that they were final at the time they were issued, the time to appeal them has long passed.

{¶ 21} Garg contends that "[t]he App.R. 4(A) thirty-day clock did not begin to run until September 8, 2025, when the case produced its first final order." We disagree. The September 8, 2025 order did not end the case and make all previous orders final. The September 8, 2025 order is final and appealable with respect to the appointment of a receiver and nothing more.

{¶ 22} This court has explained that the appellate rules "'contemplate a direct relationship between the order from which the appeal is taken and the error assigned as a result of that order.'" *State v. Bhambra*, 2017-Ohio-8485, ¶ 12 (8th Dist.), quoting *State v. Williamson*, 2015-Ohio-5135, ¶ 9 (8th Dist.). Garg did not

do that here. Rather, Garg is attempting to bootstrap arguments pertaining to judgments that are not properly before us. We are without jurisdiction, however, to consider Garg's arguments pertaining to the June 6, 2024 and January 7, 2025 judgments.

**{¶ 23}** We conclude that although we do have jurisdiction to address the trial court's order appointing a receiver, Garg does not raise any issues with respect to the trial court's judgment appointing a receiver. We therefore dismiss his appeal.

**{¶ 24}** Appeal dismissed.

It is ordered that appellee recover from appellant the costs herein taxed.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHELLE J. SHEEHAN, ADMINISTRATIVE JUDGE

MARY J. BOYLE, J., and
TIMOTHY W. CLARY, J., CONCUR